**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| KODI BEAR CONCEPTS, INC, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> RHK TOWN SQUARE, LLC, ) <br> ) <br> Defendant. ) <br> ) | 2:12-cv-01223-RCJ-PAL <br><br> **ORDER** |

This case arises out of a restaurant's use of a name similar to that of another restaurant. Pending before the Court is a motion to dismiss. For the reasons given herein, the Court grants the motion, with leave to amend in part.

**I.      FACTS AND PROCEDURAL HISTORY**

Plaintiff Kodi Bear Concepts, Inc. has been doing business as "Bob Taylor's Ranch House" or "The Ranch House" restaurant in Las Vegas, Nevada since 1955. (*See* Compl. ¶ 8, July 11, 2012, ECF No. 1). Defendant RHK Town Square, LLC has been doing business as the "Ranch House Kitchen" restaurant in Las Vegas for an unknown period of time. (*See id.* ¶ 9). Defendant has refused to change its name despite Plaintiff's demands. (*See id.* ¶¶ 10–12). Plaintiff does not allege that The Ranch House is a registered trademark. (*See generally id.*).

Plaintiff sued Defendant in this Court on five nominal causes of action: (1)–(2) violation of the Lanham Act, 15 U.S.C. § 1125; (2) deceptive trade practices under Nevada Revised

Statutes ("NRS") Chapter 598; (4) trademark infringement under NRS Chapter 600; and (5) damages. Defendant has moved to dismiss for failure to state a claim.

## II.     LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts pertaining to his own case making a violation plausible, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). In other words, under the modern interpretation of Rule 8(a), a plaintiff must do more than specify the legal theory under which he seeks to hold a defendant liable; he also must identify the theory of his own case so that the court can properly

1 determine not only whether any such legal theory exists (*Conley* review), but also whether the
2 plaintiff has any basis for relief under such a theory even assuming the facts are as he alleges
3 (*Twombly-Iqbal* review).

4     "Generally, a district court may not consider any material beyond the pleadings in ruling
5 on a Rule 12(b)(6) motion.  However, material which is properly submitted as part of the
6 complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner*
7 *& Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted).  Similarly, "documents
8 whose contents are alleged in a complaint and whose authenticity no party questions, but which
9 are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6)
10 motion to dismiss" without converting the motion to dismiss into a motion for summary
11 judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Moreover, under Federal Rule
12 of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay*
13 *Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court
14 considers materials outside of the pleadings, the motion to dismiss is converted into a motion for
15 summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir.
16 2001).

17 **III.    ANALYSIS**

18     The fifth cause of action is a prayer for relief, not an independent cause of action.  The
19 Court will therefore dismiss it as a separate cause of action, without leave to amend, though
20 Plaintiff may amend the prayer for relief, accordingly.

21     The Court will dismiss the Lanham Act claims, with leave to amend, because Plaintiff has
22 not specified any of the myriad of potential violations under that act, some of which require
23 registration as an element, which Plaintiff does not allege.  Plaintiff attempts to clarify its
24 intended claims in the response, but such clarification must be made via an amended complaint.
25     A state law trademark dilution claim seeking an injunction under Chapter 600 does not

1  require registration, for example, *see* Nev. Rev. Stat. § 600.435(1) ("[T]he owner of a mark that

2  is famous in this State may bring an action to enjoin commercial use of the mark . . . ."), which is

3  only one factor in determining whether the mark is "famous," *see id.* § 600.435(2)(h), and the

4  factors to be considered in determining whether a mark is "famous" such that it can be sued upon

5  are fact intensive, *see id.* § 600.435(2)(a)–(h), making dismissal under Rule 12(b)(6)

6  inappropriate.  Still, Plaintiff must amend the Complaint to allege violations with more

7  specificity than "NRS 600 et seq." Chapter 600 lists various kinds of violations.  Plaintiff also

8  fails to specify any of the many kinds of violation under Chapter 598. *See, e.g.*, *id.*

9  § 598.0915–598.0925.

10  　　　In summary, Plaintiff must amend the first through fourth claims to allege particular

11  causes of action, as opposed to simply identifying broad swaths of the state and federal code that

12  contain multiple causes of action.  And Plaintiff must plead facts making such claims plausible,

13  not simply recite the causes of action.

## CONCLUSION

15  　　　IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 8) is GRANTED, with

16  leave to amend in part.

17  　　　IT IS SO ORDERED.

18  Dated this 17th day of October, 2012.

20  　　　　　　　　　　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　　　　　　　　　　　ROBERT C. JONES
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge