Michael J. McCue
Nevada Bar No. 6055
MMcCue@LRLaw.com
Jonathan W. Fountain
Nevada Bar No. 10351
JFountain@LRLaw.com
LEWIS AND ROCA LLP
3993 Howard Hughes Pkwy.
Suite 600
Las Vegas, NV 89169
(702) 949-8200 (tel.)
(702) 949-8398 (fax)

Attorneys for Defendant
RHK TOWN SQUARE, LLC

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| KODI BEAR CONCEPTS, INC., | Case No. 2:12-cv-01223-RCJ-PAL |
| Plaintiff, | **STIPULATION AND PROTECTIVE ORDER** |
| vs. | |
| RHK TOWN SQUARE, LLC, | |
| Defendant. | |

-1-

3196440.1

IT IS HEREBY STIPULATED AND AGREED by and among the parties, acting through their counsel of record, as follows:

1. The parties anticipate that they may be required to disclose and/or produce information, testimony, specific documents, or other materials in discovery that relates to or discloses non-public financial or business information that a party alleges is proprietary or confidential. This stipulated protective Order is designed to protect such information from public disclosure.

2. Any party or non-party from whom discovery has been sought may designate information, testimony, specific documents or other discovery materials, and all copies thereof as "Confidential" (hereinafter "Designated Materials"), provided, however, that, such Designated Materials: (a) must not reside in the public domain; (b) must be kept confidential in-fact by the producing party; and (c) must contain a trade secret or other sensitive business, personal, or financial information that the producing party, reasonably and in good faith believes would, if disclosed to third parties, lead to competitive or financial injury, irreparable harm, ridicule, or embarrassment. A document or information contained in a document or in a written discovery response given or filed in this lawsuit may be designated "Confidential" by stamping or otherwise marking (in such manner as will not interfere with the legibility of the document) each page of the document or discovery response containing Confidential information with the word "CONFIDENTIAL." Any copies or reproductions, excerpts, summaries or other documents or media that paraphrase, excerpt or contain Confidential information shall also be treated as Confidential pursuant to this Order.

3. Any inadvertent failure to designate a document of information "Confidential" during production may be corrected by prompt written notification to all counsel of record. Deposition or hearing testimony may be designated as "Confidential" by an appropriate statement on the record at the time when such testimony is given or upon subsequent written notification to all counsel of record upon review of the transcript. Exhibits which are deemed "Confidential" shall be so designated by stamping the exhibit accordingly.

4. All "Confidential" material contained within Designated Materials shall be used

solely for the prosecution or defense of the claims being litigated in this case, or in any case, mediation, or arbitration arising out of, or related to, this case, and for no other purpose. Unless and until the Court rules that Designated Materials shall not be treated as "Confidential," persons who receive Designated Materials shall treat such Designated Materials as confidential, and shall not disclose such Designated Materials, or their contents, except to the following persons:

  (a) Named parties;

  (b) Attorneys for named parties;

  (c) Persons employed by the named parties or working under the direction of attorneys for the named parties, including secretaries and legal assistants, to the extent necessary to perform specific duties in connection with this action;

  (d) Independent experts or consultants retained by a party or an attorney for purposes of this litigation, as well as any employees, associates or independent contractors retained by those attorneys, experts, or consultants in their work on this matter, to the extent necessary to perform specific duties in connection with this action;

  (e) Deponents;

  (f) Any person who originally authored or received the designated document or demonstrably gained prior knowledge of it in the regular course of business, as ascertained based on the document itself or prior sworn testimony; and

  (g) The court and court personnel, stenographic reporters, videographers at depositions, mediators, arbitrators or any judges in any case, mediation, or arbitration arising out of, or related to, this case, subject to the protections of any order the court subsequently enters to further preserve the confidentiality of documents used at trial.

  5. Prior to dissemination of Designated Materials or the contents thereof to a person described in paragraphs 4(a)-(f), that person shall be advised by counsel making such dissemination of the terms of this Order.

  6. Filing Confidential Materials Under Seal.

  (a) Non-Dispositive Motions. A party's or a non-party's good faith designation of information, testimony, or specific documents as "Confidential" under this Order shall constitute

"good cause" for protecting such materials from public disclosure. *See Kamakana v. Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) ("when a district court grants a protective order to seal documents during discovery, 'it has already determined that 'good cause' exists to protect this information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality.'") (citation omitted). Accordingly, a party or non-party may file Designated Materials with the Court under seal in connection with the filing of a non-dispositive motion without filing a separate motion for permission to file such materials under seal. In accordance with District of Nevada Local Rule 10-5, as it pertains to the filing of papers "under seal pursuant to prior court order," any Designated Materials so filed shall state directly under the case number: "FILED UNDER SEAL PURSUANT TO COURT ORDER DATED [Date of this Order]."

(b) Dispositive Motions. A party who seeks to file Designated Materials in connection with the filing of a dispositive motion with the Court shall file a separate motion seeking an Order permitting the filing of such Designated Materials under seal. The motion shall be accompanied by a memorandum of points and authorities that identifies compelling reasons for non-disclosure that are sufficient to overcome the strong presumption of public access to information in a court proceeding. *See Kamakana*, 447 F.3d at 1180 ("Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy.").

7. This Order shall remain in full force and effect until modified, superseded, or terminated by consent of the parties or by subsequent Order of the court, and shall survive the termination of this action.

8. Nothing herein shall impose any confidentiality obligation upon information which was already in the public domain.

9. Each party receiving material which has been designated as "Confidential" shall destroy or return all such materials upon the conclusion of this action and any appeals. Notwithstanding anything in this Order to the contrary, counsel for the respective parties may retain one copy of the materials designated "Confidential" in his or her stored filed for archival purposes, but may not use or disseminate such materials except as ordered by a court.

10. All objections as to admissibility into evidence of the documents or information designated "Confidential" and subject to this Order are reserved until hearing in this case, or in any case, mediation, or arbitration arising out of, or related to, this case.

**IT IS SO AGREED AND STIPULATED:**

By:  /s/ Jonathan W. Fountain          By:  /s/ Steven Mack

Michael J. McCue  
Jonathan W. Fountain  
LEWIS AND ROCA LLP  
3993 Howard Hughes Pkwy.  
Suite 600  
Las Vegas, NV 89169  
(702) 949-8200 (tel.)  
(702) 949-8398 (fax)  

Attorneys for Defendant  
RHK TOWN SQUARE, LLC

Steven Mack, Esq.  
9040 Picket Fence Avenue  
Las Vegas, NV 89143  
(702) 706-7063 (tel.)  
(702) 655-0503 (fax)  

Attorney for Plaintiff  
KODI BEAR CONCEPTS, INC.

Dated: this 30th day of November, 2012.

**IT IS SO ORDERED:**

_____  
UNITED STATES MAGISTRATE JUDGE

DATED:  December 4, 2012